IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,295-01






EX PARTE ROGER LEE WILLIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A08348 IN THE 216TH DISTRICT COURT


FROM KERR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to sixty-five years' imprisonment. The Fourth Court of Appeals
affirmed his conviction. Willis v. State, No. 04-09-00349-CR (Tex. App.-San Antonio July 28, 2010,
no pet.).

 Applicant contends that trial counsel rendered ineffective assistance because he failed to
present an alibi defense and to subpoena Applicant's alibi witnesses. Applicant has alleged facts that,
if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke,
13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of trial counsel was deficient and, if so, whether his deficient performance prejudiced
Applicant. In making these findings and conclusions, the trial court shall determine whether
Applicant has established that his witnesses were available to testify and that their testimony "would
have been of some benefit to the defense." Ex parte Ramirez, 280 S.W.3d 848, 853 (Tex. Crim. App. 
2007). The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 14, 2011

Do not publish